```
 1 | BRIAN STRETCH (CABN 163973)
   | United States Attorney
 2 |
   | DAVID R. CALLAWAY (CABN 121782)
 3 | Chief, Criminal Division
 4 | KATHRYN HAUN (DCBN 484131)
   | WILLIAM FRENTZEN (LABN 24421)
 5 | Assistant United States Attorneys
 6 |    450 Golden Gate Avenue, Box 36055
   |    San Francisco, California 94102-3495
 7 |    Telephone: (415) 436-7200
   |    FAX: (415) 436-6753
 8 |    kathryn.haun@usdoj.gov; william.frentzen@usdoj.gov
 9 | Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAUN W. BRIDGES & CARL MARK FORCE<br><br>Defendants. | 15-CR-0319-RS<br><br>**NOTICE OF RELATED CASES**<br><br>**FILED UNDER SEAL** |
| UNITED STATES OF AMERICA<br><br>v.<br><br>BTC-E, A/K/A CANTON BUSINESS CORPORATION, ANDREY NIKONOROV, STANISLAV GOLOVANOV, ALEXANDER BUYANOV, and ALEXANDER VINNIK,<br><br>Defendants. | 16-CR-227-SI (UNDER SEAL) ✓ |

1 | BRIAN STRETCH (CABN 163973)
United States Attorney

2

DAVID R. CALLAWAY (CABN 121782)
3 | Chief, Criminal Division

4 | KATHRYN HAUN (DCBN 484131)
WILLIAM FRENTZEN (LABN 24421)
5 | Assistant United States Attorneys

6 | 450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
7 | Telephone: (415) 436-7200
FAX: (415) 436-6753
8 | kathryn.haun@usdoj.gov; william.frentzen@usdoj.gov

9 | Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA | ) | 15-CR-0319-RS |
|---|---|---|
| v. | ) | |
| SHAUN W. BRIDGES & CARL MARK FORCE | ) | **NOTICE OF RELATED CASES** |
| | ) | **FILED UNDER SEAL** |
| Defendants. | ) | |
| | ) | 16-CR-227-SI (UNDER SEAL) |
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| BTC-E, A/K/A CANTON BUSINESS CORPORATION, ANDREY NIKONOROV, STANISLAV GOLOVANOV, ALEXANDER BUYANOV, and ALEXANDER VINNIK, | ) | |
| Defendants. | ) | |

1  The United States of America, pursuant to Local Criminal Rule 8-1, hereby notifies the Court
2  that the above-captioned criminal cases are related.
3  The first case involved an investigation into two former federal agents who were members of the
4  Baltimore Silk Road Task Force. It involved crimes ranging from obstruction to extortion to money
5  laundering, and stemmed principally from the defendants' theft and use of Bitcoin, a digital currency.
6  The Court may recall that FORCE was alleged to have sent at least $235,000 in criminal proceeds to an
7  offshore digital currency exchange, BTC-e, for laundering. What the Court may not be aware of is that
8  the government is continuing to investigate BRIDGES for additional crimes involving theft of bitcoin
9  (and laundering of that bitcoin) that defendant BRIDGES committed after entering his Plea Agreement
10 in this case. The government's investigation to date reveals that those additional stolen bitcoin went to
11 BTC-e, the same offshore digital currency exchange.
12 The second case is a case against that offshore digital currency exchange, i.e. BTC-e, and its
13 known operators and administrators and benefactors. The charges recently returned by the Grand Jury
14 are for conspiracy to commit money laundering in violation of 18 U.S.C. Section 1956(h) and for
15 operation of an unlicensed money service business in violation of 18 U.S.C. Section 1960. The FORCE
16 and BRIDGES conduct is alleged in the Indictment of this new second case as one of several specified
17 unlawful activities (SUA) giving rise to the money laundering charges in the first case.
18 It should be noted that the defendants in the second case are believed to currently be in Russia,
19 such that the second case will remain under seal until such time as the defendant(s) may be apprehended,
20 perhaps while on travel, through the process of international collaboration and possibly through
21 extradition proceedings. In other words, it is likely that the second case will remain under seal for quite
22 some time, even though the first case is not under seal.
23 The government therefore brings this to the attention of the Court since (1) both actions concern
24 the same alleged transactions; and (2) both actions appear likely to entail substantial duplication of labor
25 if heard by different Judges, especially given the nature of the new form of technologies and currencies
26 used, i.e. Bitcoin, blockchain analysis, etc. The expert witness(es) in each case are the same, and the
27 lead case agent is also the same for both cases.
28

For these reasons, the government submits that the Court may find that it is appropriate to relate the cases.

Dated: June 13, 2016

/s/
KATHRYN HAUN
WILLIAM FRENTZEN
Assistant United States Attorneys