IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ORDER REQUIRING<br><br>SABRE<br><br>TO ASSIST IN THE EXECUTION OF ARREST WARRANTS ISSUED BY THIS COURT | Hon. Laurel Beeler<br><br>Case No. CR 16 90391 MISC EDL<br><br>APPLICATION<br><br>**Filed Under Seal** |

## APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING TRAVEL RECORD PRODUCTION AND CONTEMPORANEOUS ACCOUNT ACCESS

The United States of America moves this Court, pursuant to the All Writs Act, Title 28, United States Code, Section 1651, for entry of an *ex parte* Order directing the Authorized Custodians of Records of Sabre, or its designee, to assist in the execution of federal arrest warrants by providing to the United States Attorney and his designees and representatives from the Internal Revenue Service - Criminal Investigation ("IRS-CI"), United States Secret Service ("USSS"), Homeland Security Investigations ("HSI"), and Federal Bureau of Investigation ("FBI") all records, services, and usage for a period of one year, for any accounts associated with the following information:

1) Name: Alexander Buyanov

   Alias(es):

   **Address:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

   **Phone number:** ▮▮▮▮▮▮▮

   **Credit card number:** ▮▮▮▮▮▮▮▮▮▮▮

   **Passport number:** ▮▮▮▮▮▮

2) **Name:** Stanislav Alexandorovich Golovanov

**Alias(es):**

**Address:** ██████████████████████████

**Phone number:** ██████

**Credit card number:** ██████

**Passport number:** ██████


3) **Name:** Andrey Viktorovich Nikonorov

**Alias(es):** ██████

**Address:** ████████████████████████████

**Phone number:** ██████

**Credit card number:** ██████

**Passport number:** ██████


4) **Name:** Alexander Vinnik

**Alias(es):** Alexander Sokolov, Alex Sokol, WME, Vasiliy Alexandorovich Sidorov

**Address:** ██████████████████████████

**Phone number:** ██████

**Credit card number:** ██████

**Passport number:** ██████

(collectively, the "Travelers").

It is further requested that Sabre be ordered to provide the United States Attorney and his designees and/or representatives of the IRS-CI, FBI, USSS, and HSI complete and contemporaneous "real time" account activity information of the Travelers on a weekly, ongoing basis by telephone contact, email, and/or facsimile transmission, for a period of one year from the date of this Order. If defendants are apprehended before the expiry of the one year period, the government would alert Sabre to discontinue providing this information and would notify the Court. Sabre shall not intercept, nor shall Sabre provide, the content of any wire or electronic communications.

In addition, the government requests that this Order and Application be sealed and that Sabre and its agents and employees, shall not disclose the existence of the *ex parte* Application or this Order to any person except representatives of the United States Attorney and his designees and the, IRS-CI, FBI, USSS, and HSI unless and until further ordered by this Court, except that Sabre may disclose the existence of this Application and/or Order to its attorney for the purpose of receiving legal advice.

## INTRODUCTION

The United States of America, by and through **Brian Stretch**, United States Attorney, and **Kathryn Haun**, Assistant United States Attorney, hereby moves this Court under the All Writs Act, 28 U.S.C. § 1651, for an order requiring Sabre to assist in the execution of federal arrest warrants by periodically reviewing its records for evidence that the subjects of the arrest warrants are traveling.

## FACTS

On **May 31, 2016,** this Court issued an arrest warrants for **Alexander Buyanov, Stanislav Golovanov, Alexander Vinnik, and Andrey Nikonorov** pursuant to an indictment

issued by the grand jury on **May 31, 2016.** In the indictment, **Alexander Buyanov, Stanislav Golovanov, Alexander Vinnik, and Andrey Nikonorov** are charged with **18 U.S.C. § 1960 -- Operation of an Unlicensed Money Service Business and 18 U.S.C. § 1956(h) -- Conspiracy to Commit Money Laundering. Alexander Buyanov, Stanislav Golovanov, Alexander Vinnik, and Andrey Nikonorov** are currently fugitives.

**The defendants are Russian nationals in the possession of large amounts of digital currency. Based on social media,** ▮▮▮▮▮▮ **and the ownership of a large international financial company, the defendants are known to travel internationally.** Sabre is a Travel Commerce Platform providing distribution, technology, payment, and other solutions for the global travel and tourism industry. Sabre processes roughly one third of all air travel reservations. Sabre is capable of searching for and retrieving travel records for individuals whose travel reservations are processed using or through Sabre's computers. This Application seeks an order requiring Sabre to use any such capability, to assist agents in complying with the arrest warrants.

## DISCUSSION

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Penn. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice ... and

4

encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977). Specifically, in *United States v. New York Tel. Co.*, the Supreme Court held that the All Writs Act permitted district courts to order a telephone company to effectuate a search warrant by installing a pen register. Under the reasoning of *New York Tel. Co.*, this Court has the authority to order Sabre to use any capabilities it may have to assist in effectuating the arrest warrants.

In other cases, district courts have ordered the "hot watch" or real-time transmission of information related to credit cards under this authority. The government is also aware, and can represent, that in other cases, courts have ordered Sabre to assist in effectuating arrest warrants under the authority of the All Writs Act. Sabre has complied with such orders under Case No. 15-880 in the United States District Court for the Western District of Pennsylvania and under Case No. 1:15-CR-245 in the United States District Court for the Eastern District of Virginia.

The government has conferred with Sabre about this request and proffers to the Court that Sabre's position is that the relief requested does not impose an unreasonable burden on Sabre. Moreover, the government has conferred with Sabre about the proposed Order and Sabre does not object to it. In fact, the government has discussed 



In sum, the government has worked with Sabre to craft an approach that minimizes the burden on a third-party company but at the same time preserves flexibility.

The instant relief is requested in part because, 

The government submits that the relief requested – which as discussed herein does not pose an unreasonable burden to Sabre – will allow the government to act in a more narrowly tailored fashion.

WHEREFORE, it is respectfully requested that the Court grant an ex parte order pursuant to the All Writs Act, Title 28, United States Code, Section 1651, that the Authorized Custodian of Records of Sabre account records, or its designee, assist in the execution of federal arrest warrants by providing to the United States Attorney and his designees and/or representatives of IRS-CI, FBI, USSS, and HSI, records and services for the Travelers.

//

//

It is further requested that Sabre be ordered to: (a) provide to the United States Attorney and his designees and/or representatives of the IRS-CI, FBI, USSS, and HSI complete and contemporaneous account activity information for the aforesaid Travelers on a weekly basis by email to the email addresses ███████████████ and ████████████████████████ for a period of one year from the date of this Order; and (b) not disclose the existence of this Application and/or Order of the Court, or the existence of the investigation, or this request until further ordered by the Court, except that Sabre may disclosure this Application and/or Order for the purpose of receiving legal advice.

Respectfully submitted,

_____
AUSA KATHRYN HAUN

Date: 6/20/16